# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY S. KONTAXES, | ) |
|           Plaintiff, | ) |
| | ) |
|  vs. | ) Civil Action No. 12-1285 |
| | ) |
| JUDGE JOHN F. WAGNER, JR.; JUDGE | ) Judge Mark R. Hornak/ |
| NANCY VERNON; ATTORNEY JACK | ) Magistrate Judge Maureen P. Kelly |
| CONNORS; ATTORNEY DIANE | ) |
| ZEREGA; ATTORNEY MARK | ) |
| MEHALOV; STEVEN GARY | ) |
| KONTAXES, PERRYOPOLIS | ) |
| POLICEMAN, | ) |
|           Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the petition for Writ of Mandamus be dismissed pre-service pursuant to this Court's inherent power to control its own dockets and/or pursuant to the screening provisions of the Prison Litigation Reform Act ("PLRA") as legally frivolous.

### II. REPORT

Gregory S. Kontaxes, ("Plaintiff"), has sent to this Court a Petition for "Writ of Mandamus" ("Mandamus Petition"). He is a state prisoner currently incarcerated in the State Correctional Institution at Rockview ("SCI-Rockview"). Named as defendants in the Mandamus Petition are two currently sitting Judges of the Court of Common Pleas of Fayette County, one of whom, i.e., Judge Wagner, presided over Plaintiff's guilty plea proceedings in the criminal case for which Plaintiff is apparently presently serving a sentence.[1] Defendant Nancy Vernon, the other

---

[1] The Court takes judicial notice of the dockets in Plaintiff's criminal case in the Court of

currently sitting judge, was the prosecutor at Plaintiff's trial. Three of the remaining defendants appear to be attorneys, at least two of whom, represented Plaintiff during his criminal proceedings and/or state post-conviction proceedings. The final defendant is the brother of Plaintiff and a municipal police officer.

By means of the Mandamus Petition, it appears that Plaintiff seeks have this Court to order the defendants to release Plaintiff into the custody of United States Marshals so that Plaintiff can be removed out of the state correctional system where he insists his life is in danger and transferred to the nearest federal prison. ECF No. 1 at 1.

Pursuant to the Court's inherent power to control its own dockets and/or the screening provisions of the PLRA,[2] the Court recommends that this Petition be dismissed pre-service. It

---

Common Pleas of Fayette County, Commonwealth v. Kontaxes, No. CP-26-CR-0000197-2001, available at:
    http://ujsportal.pacourts.us/docketsheets/CPReport.ashx?docketNumber=CP-26-CR-0000197-2001
(site last visited 11/9/2012).

[2] See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings"). The Court deems it wise to rest its recommendation on the alternative powers of either the PLRA or the Court's inherent powers because the United States Court of Appeals for the Third Circuit has held that the PLRA does not apply to true mandamus petitions. See, e.g., Madden v. Myers, 102 F.3d 74 (3d Cir. 1996) ("The PLRA distinguishes between criminal and civil actions, and requires federal courts to collect filing fees only in the latter cases, where 'a prisoner brings a civil action or files an appeal.' Id. § 1915(b)(1). Yet a writ of mandamus is by its very nature outside the ambit of this taxonomy. It is not an 'action', and, *a fortiori*, not a 'civil action.'"). Because the Court may dismiss the current case based upon its inherent power to control its own dockets regardless of whether the Mandamus Petition is a true mandamus petition, it is unnecessary for this Court to decide whether the current case constitutes a true mandamus petition within the contemplation of Madden v. Myers. If it does not constitute a true mandamus petition, then the Court may also dismiss the Mandamus Petition under the PLRA's screening provisions.

should be dismissed because, to the extent that it named state court judges, i.e., Judge Wagner, and local government employees, i.e., Defendant police officer, Steven Kontaxes (Plaintiff's brother), and former Fayette County District Attorney, Nancy Vernon, and to the extent that Plaintiff seeks to have this Court mandamus them, the claims should be dismissed pre-service because this Court has no authority to issues a writ of mandamus to state and local officials. See, e.g., Noble v. Cain, 123 F. App'x 151, 152 (5th Cir. 2005) ("the remedy sought by Noble is in the nature of mandamus relief, which is not available to federal courts to direct state officials in the performance of their duties and functions"); In re Jones, 28 F. App'x 133, 134 (3d Cir. 2002) ("Jones is not entitled to relief. As stated above, she asks this Court to prohibit the State of Delaware from filing charges against her. The federal courts, however, have no general power in a mandamus action to compel action, or in this case inaction, by state officials."); Nelson v. South Carolina Dept. of Probation, Parole & Pardon Services, 230 F.3d 1353 (Table), 2000 WL 1455672, at *1 (4th Cir. 2000)("we affirm on the district court's reasoning that federal courts cannot issue writs of mandamus to compel action by state officials or agencies."); Hicks v. Brysch, 989 F.Supp. 797, 811 (W.D.Tex. 1997).

Moreover, "[m]andamus is an extraordinary remedy, available to 'a plaintiff only if ... the defendant owes him a clear nondiscretionary duty.'" Cheney v. U.S. District Court for the District of Columbia, 542 U.S. 367, (2004) (Stevens, J., concurring) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). To the extent Plaintiff seeks to have this Court issue a mandamus against the three attorneys named as defendants, he would have to establish that such private attorneys have the clear non-discretionary duty to effectuate his release from the state correctional system and have him transferred to a federal prison. There is no such duty on the part of these private

attorneys.  See Hill v. Wiggins, Civ.A. No. 6:11–3406, 2012 WL 4791125, at *3 (D.S.C., Sept. 17, 2012) ("There is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution") (citing Olim v. Wakinekona, 461 U.S. 238, 245–46 (1983)).

### III.  CONCLUSION

For the foregoing reasons, this Petition for Mandamus should be dismissed pre-service.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date:  November 26, 2012

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Mark Hornak
United States District Judge

Gregory S. Kontaxes
FB-3371
SCI Rockview
P.O. Box A
Bellefonte, PA 16823-0820